**U.S. Department of Justice**
United States Marshals Service

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

APR 11 2025

MITCHELL R. ELFERS
CLERK

# PROCESS RECEIPT AND RETURN
*See "Instructions for Service of Process by U.S. Marshal"*

| PLAINTIFF | COURT CASE NUMBER |
|---|---|
| UNITED STATES OF AMERICA | 1:25-cv-00130 GBW JFR |

| DEFENDANT | TYPE OF PROCESS |
|---|---|
| 7112 AZTEC ROAD NE, ALBUQUERQUE, NM | Forfeiture Complaint |

**SERVE AT** { NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN

7112 AZTEC ROAD NE, ALBUQUERQUE, NM

ADDRESS *(Street or RFD, Apartment No., City, State and ZIP Code)*

| SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW | |
|---|---|
| Stephen R. Kotz, AUSA<br>201 Third Street NW Suite 900<br>Albuquerque, NM 87120 | Number of process to be served with this Form 285 — 1 |
| | Number of parties to be served in this case |
| | Check for service on U.S.A. |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE *(Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available for Service)*:

1. Execute process by affixing the attached copy of the Verified Complaint for Forfeiture In Rem and Notice of Complaint For Forfeiture Against Real Property to the Defendant real property.

2. File completed copies to the docket.

| Signature of Attorney other Originator requesting service on behalf of: | | TELEPHONE NUMBER | DATE |
|---|---|---|---|
| STEPHEN KOTZ Digitally signed by STEPHEN KOTZ Date: 2025.03.27 15:06:25 -06'00' | ☒ PLAINTIFF ☐ DEFENDANT | 505.224.1464 | |

## SPACE BELOW FOR USE OF U.S. MARSHAL ONLY - DO NOT WRITE BELOW THIS LINE

| I acknowledge receipt for the total number of process indicated. *(Sign only for USM 285 if more than one USM 285 is submitted)* | Total Process | District of Origin | District to Serve | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|
| | 1 | No. 51 | No. 51 | MITCHELL VARLEY Digitally signed by MITCHELL VARLEY Date: 2025.03.31 15:29:11 -06'00' | 3/31/2025 |

I hereby certify and return that I ☐ have personally served , ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above on the on the individual, company, corporation, etc. shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc. named above *(See remarks below)*

| Name and title of individual served *(if not shown above)* | Date | Time | |
|---|---|---|---|
| | 3/31/2025 | 6:00 | ☐ am ☒ pm |

| Address *(complete only different than shown above)* | Signature of U.S. Marshal or Deputy |
|---|---|
| | MITCHELL VARLEY Digitally signed by MITCHELL VARLEY Date: 2025.04.09 12:11:16 -06'00' |

*Costs shown on attached USMS Cost Sheet >>*

REMARKS

Posted copy of the Verified Complaint for Forfeiture In Rem and Notice of Complaint For Forfeiture on real property 7112 Aztec Rd NE, Albuquerque, NM 87110.

Form USM-285
Rev. 03/21

CONTROLLED/CHRI

U.S. Department of Justice
United States Marshals Service

Process 051-1:2025-CV-00130-1 Cost Worksheet

Printed on: 04/09/2025

## PROCESS INFORMATION

| Case Type | Origin District | Serving District | Case Caption |
|---|---|---|---|
| CV - Civil | D/NM - ALBUQUERQUE | D/NM - ALBUQUERQUE | United States of America v. 7112 Aztec Road NE, Albuquerque, NM |
| **Civil/Criminal** | **Attribute** | **Process Type** | **Party to be Served** |
| Civil | Government | NoticeForfeiture | Real Property - 7112 Aztec Rd NE |

## SUMMARY

| Date/Time of Action | Service Action | Subtotal | Deposit Total | Expense Total |
|---|---|---|---|---|
| 03/31/2025 11:47 MDT | Assigned for Personal Service | | $0.00 | $0.00 |
| 03/31/2025 18:00 MDT | Served | | $0.00 | |
| | Personnel Charges | $65.00 | | $75.50 |
| | Mileage Charges | $10.50 | | |
| **Total Costs** | | | **$0.00** | **$75.50** |

| | |
|---|---|
| **Remaining Balance** | **$0.00** |
| **Amount Owed** | **$75.50** |
| **Remaining Process to Serve:** | |

Confidentiality Notice: This report contains unclassified information of a sensitive, proprietary, health data or personally identifiable information (PII) which must be protected against release to unauthorized individuals and is the property of the U.S. Marshals Service. All emails, including all attachments, containing PII must be encrypted. Neither it nor its content may be disseminated outside the agency or personnel to which loaned without prior U.S. Marshals Service Authority. It is to be maintained, distributed, secured and disposed of in a manner that will protect the information against unauthorized disclosure and in accordance with The Privacy Act of 1974, 5 USC § 552a.
UNCLASSIFIED//FOR OFFICIAL USE ONLY

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) Civ. No. 1:25-cv-130 |
| 7112 AZTEC ROAD NE, ALBUQUERQUE, | ) |
| NEW MEXICO | ) |
| | ) |
| Defendant-in-rem. | ) |
| | ) |

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

Plaintiff, United States of America, brings this complaint in accordance with Supplemental Rule G(2) of the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions and alleges as follows:

### NATURE OF THE ACTION

1.      This is a civil action *in rem* to forfeit and condemn to the use and benefit of the United States of America property involved in violations of 18 U.S.C. § 1956 that is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1).

### DEFENDANTS *IN REM*

2.      The defendant *in rem* consists of the following real property, with improvements thereon and appurtenances thereto:

7112 Aztec Road NE, Albuquerque, Bernalillo County, New Mexico; 87110, more specifically described as follows:

LOT NUMBERED EIGHT (8) IN BLOCK LETTERED "F" OF LA JOLLA PARK, AN ADDITION TO THE CITY OF ALBUQUERQUE, NEW MEXICO, AS THE SAME IS SHOWN AND DESIGNATED ON THE PLAT THEREOF, FILED IN THE OFFICE OF THE COUNTY CLERK OF BERNALILLO COUNTY, NEW MEXICO, ON JANUARY 7, 1959, IN VOLUME D2, FOLIO 71.

(hereinafter the "Defendant Property")

3.      The Defendant Property is now, and during the pendency of this action will be, in the jurisdiction of this Court.

8.      DWI offenses that do not involve injury or death to another are generally

misdemeanors, unless the offender has at least three prior DWI convictions (resulting in the next

DWI arrest being a state felony). *See* NMSA 1978, § 66-8-102(F)-(K). The range of

imprisonment depends on an offender's prior DWI conviction history, but all DWI convictions

require payment of associated court fees in addition to potential fines. Additionally, if a person is

convicted of DWI, they must have an ignition interlock installed in their vehicle (or in any

vehicle driven by them).

9.      To initiate a state court misdemeanor DWI offense, the arresting officer either

files a criminal complaint immediately following the arrest and takes the offender into custody,

*see* New Mexico State Court Rules (NMRA) 7-201, or later files a criminal complaint but seeks

a summons from the state court, *see id.*, *see also* NMRA 7-204. If the DWI Offender is

hospitalized or otherwise unable to be taken into custody immediately following the DWI

incident, the officer may later file the criminal complaint and seek a summons from the court.

10.     Prior to March 2022, once the New Mexico state criminal DWI charges were

initiated, all parties, including a defendant, were entitled to conduct a pretrial interview (PTI) of

all witnesses, including law enforcement officers. *See* NMRA 7-504(1). To arrange the PTI, the

parties were required to confer and agree in good faith to arrange a date and location for the PTI.

If that was unsuccessful, defense counsel could seek a subpoena from the state court for a PTI.

Typically, the initial PTI would be arranged at the law enforcement office and, if the officer did

not attend, defense counsel could request a subpoena for the PTI at another location, including

the defense attorney's law firm. On March 24, 2022, the New Mexico State Supreme Court

entered an order temporarily suspending all PTIs in cases occurring in the Bernalillo County

Metropolitan Court, which included all misdemeanor DWI arrests in Bernalillo County. *See* New

Mexico Supreme Court Order NO. 22-8500-016. Because of this, since March 2022, there have

not been PTIs for misdemeanor DWI cases that occur in Bernalillo County.

14.     NMSP has a Standard of Conduct applicable to all commissioned officers, which requires all employees to "conduct themselves at all times, both on and off duty, in such a manner as to reflect most favorably on the department. Conduct unbecoming an employee shall include that which brings the department into disrepute or reflects discredit upon the employee as a member of the department, or that which impairs the operation or efficiency of the department or employee." NMSP Standard of Conduct, New Mexico Administrative Code (NMAC) 10.5.100.8(C). Financial gain by employees is prohibited, and employees, including law enforcements officers, are directed that they shall not "accept gifts, gratuities, bribes, loans or rewards which are intended to influence the employee in the performance of their duties and responsibilities or for tasks performed as part of their duties." NMAC 10.5.100.8(O).

15.     BCSO has a Code of Conduct that provides, "Personnel shall conduct themselves both on and off-duty in such a manner as to reflect most favorably on the Department." BCSO Code of Conduct 109-1(F). The Code prohibits conduct that "could bring the Office and/or individual Deputy or employee into disrepute based on actions or behaviors displayed by the employee" and that "impairs the operation or efficiency of the Office." BCSO Code of Conduct 109-1(G).

<u>New Mexico Rules of Professional Conduct for Attorneys</u>

16.     Attorneys licensed to practice law in the State of New Mexico are governed by Rules of Professional Conduct, New Mexico Rules Annotated (NMRA), Rules of Professional Conduct, Rule 16-100, *et seq.* "A lawyer, as a member of the legal profession, is a representative of clients, an officer of the legal system and a public citizen having special responsibility for the quality of justice." NMRA, Rules of Prof. Conduct, Preamble. "A lawyer's conduct should conform to the requirements of the law, both in professional service to clients and in the lawyer's business and personal affairs. A lawyer should use the law's procedures only for legitimate purposes and not to harass or intimidate others. A lawyer should demonstrate respect for the legal system and for those who serve it, including judges, other lawyers and public officials.

## Purposes of the DWI Enterprise

20.    The purposes of the DWI Enterprise included, but were not limited to, the following:

a.    To generate, preserve, and protect profits of the DWI Enterprise and its members and associates;

b.    To develop a referral system from the Officer Members, who would refer new DWI arrests directly to members and associates of the DWI Enterprise so that the DWI Offender could be solicited to retain CLEAR as an attorney, which would lead to increased profits for members and associates of the DWI Enterprise;

c.    To grow a client base willing to pay higher legal fees in exchange for the successful resolution of their DWI offense;

d.    To develop a client referral system based on the illegally obtained dismissals of DWI cases, thereby further promoting the success of the DWI Enterprise;

e.    To provide free or discounted legal services to law enforcement officers to develop goodwill and encourage the officers' participation in the DWI Enterprise's scheme;

f.    To protect, preserve, and enhance CLEAR's status and reputation as an attorney, thereby allowing CLEAR to continue growth of the DWI Enterprise;

g.    To conceal and protect the criminal activities of the DWI Enterprise and its members and associates from detection, investigation, and prosecution; and

h.    To enrich the members and associates of the DWI Enterprise.

## The Racketeering Conspiracy

21.    From at least in or around 2007 through on or about January 18, 2024, in Bernalillo County, in the District of New Mexico, and elsewhere, CLEAR along with others, known and unknown, being persons employed by and associated with the DWI Enterprise, an enterprise which engaged in, and the activities of which affected, interstate commerce, knowingly, unlawfully, and willfully conspired to violate 18 U.S.C. § 1962(c), that is, to conduct

7

e.     MENDEZ worked for CLEAR's law firm as an investigator and handled the day-to-day coordination of the scheme. CLEAR structured the DWI Enterprise so that MENDEZ was the primary person working directly with the Officer Members.

f.     The Officer Members participated in the DWI Enterprise by intentionally failing to appear at required criminal and administrative settings associated with the DWI-related arrest, allowing CLEAR to move to dismiss the proceedings. Some of the Officer Members also recruited new Officer Members and referred DWI Offenders to CLEAR and MENDEZ, thereby furthering the interests of the DWI Enterprise, as discussed further below.

g.     To execute the scheme, the DWI Enterprise members and associates developed a system for DWI Offenders who retained CLEAR to coordinate the scheduling of the MVD hearing and criminal settings to ensure that the Officer Members would be able to miss the required settings, which, in turn, allowed CLEAR to use the Officer Members' failure to appear as the basis to request dismissal of the proceedings (even though CLEAR was aware that CLEAR and MENDEZ had paid the Officer Members to not appear).

h.     The DWI Enterprise targeted DWI Offenders, both aware and unaware of the scheme, who retained CLEAR as their attorney following their DWI arrests. CLEAR and/or MENDEZ consulted with the DWI Offender and strongly encouraged that the attorney retainer fee be paid in cash. When the DWI Offender paid the cash retainer, CLEAR and MENDEZ were paid cash in addition to their law firm salary. In addition, the Officer Members were often paid in cash but, at times, also received other benefits and things of value, including but not limited to free legal services, gift cards, hotel rooms, and other gifts. MENDEZ typically handled communications with Officer Members to negotiate payment amounts and to arrange meetings to exchange payments. However, on occasion, CLEAR paid Officer Members directly.

i.     In terms of the payment amount the DWI Enterprise members and associates received, there was generally a set amount, but there were also exceptions depending on various factors, including the circumstances of the DWI arrest, the DWI Offender's criminal

9

CLEAR, MENDEZ, and the Officer Members agreed that Officer Members would not appear at

the criminal DWI motion hearings or trial settings. When the Officer Members failed to appear at

court, CLEAR moved to dismiss the cases because necessary witnesses for the state would not be

present.

n.     As the scheme evolved over the years, several Officer Members employed

by APD began referring cases to CLEAR and MENDEZ to secure and increase payments to

themselves and to the DWI Enterprise and to grow the DWI Enterprise. Officer Members

retained MVD paperwork and driver's licenses, and then provided them to MENDEZ. Officer

Members also provided MENDEZ the DWI Offender's phone number, if obtained as part of the

DWI incident. Typically, MENDEZ would reach out to the DWI Offenders referred by the

Officer Members and alert the DWI Offenders that MENDEZ knew about the DWI arrest (even

though often this was before any documentation about the arrest was publicly available).

MENDEZ arranged a time for the DWI Offenders to meet with MENDEZ and/or CLEAR,

typically at CLEAR's law firm. MENDEZ and/or CLEAR showed the DWI Offenders their

driver's license (which had been seized in connection to the DWI arrest). MENDEZ and/or

CLEAR would then inform the DWI Offenders that, if they hired CLEAR as their attorney, they

would not have to worry about the DWI arrest. At times, MENDEZ and/or CLEAR would

guarantee that the DWI criminal case and MVD process would be dismissed. If the DWI

Offenders did not retain CLEAR as their lawyer, the Officer Members would typically proceed

with the DWI case as required, thereby usually securing a DWI conviction against the DWI

Offenders.

o.     While Officer Members of the DWI Enterprise included officers from

APD, BCSO, and NMSP, APD had the most Officer Members. To ensure that APD DWI

officers were able to keep participating in the scheme over the years, other APD Officers

Members who worked in the DWI unit and were part of the scheme helped recruit and train the

next generation of Officer Members. The more senior APD Officer Members helped recruit

criminal and administrative consequences related to their DWI arrests. This allowed CLEAR and

MENDEZ to increase their client business, thereby benefiting the DWI Enterprise as a whole.

        s.      The DWI Enterprise members and associates used cellular telephones to

coordinate the operation of the scheme and to conduct the affairs of the DWI Enterprise. The

DWI Enterprise members and associates used cellular telephones to confer about new DWI

arrests, to discuss whether the DWI Offenders would be able to pay the legal fees associated with

CLEAR's legal representation, to coordinate the scheduling of the state criminal or MVD

settings so that the Officer Members had an excuse to not attend the settings, to coordinate

payment to the Officer Members for failing to appear, and for other purposes.

        t.      The DWI Enterprise members and associates also used e-mail accounts to

coordinate the operation of the scheme and to conduct the affairs of the DWI Enterprise. The

DWI Enterprise members and associates sent and received e-mails to discuss the new DWI-

related arrests, to provide paperwork associated with the DWI-related arrest to facilitate CLEAR

and/or MENDEZ's solicitation to hire CLEAR as their attorney, and for other purposes.

        u.      The DWI Enterprise members and associates frequently used coded

language in their communications to avoid detection and criminal prosecution.

<u>The Defendant Property's Facilitation of Money Laundering</u>

    24.     As discussed above, DWI Offenders were strongly encouraged to pay retainer

fees in cash, and many of the cash payments were made by DWI Offenders at the Defendant

Property. CLEAR then used those cash payments, in part, to pay MENDEZ cash in addition to

MENDEZ's law firm salary. CLEAR instructed MENDEZ not to deposit the cash payments into

a bank account to avoid detection of the scheme. CLEAR further instructed MENDEZ to convey

to the Officer Members that they also should not deposit the cash received from CLEAR and

MENDEZ into bank accounts.

    25.     On occasion, MENDEZ met with officers being recruited to join the DWI

Enterprise at the Defendant Property, though some of the recruitment meetings occurred at

**28 U.S.C. § 1746 Declaration**

I am a Special Agent with the Federal Bureau of Investigation who has read the contents of the Complaint for Forfeiture *In Rem* to which this Declaration is attached; and the statements contained in the complaint are true to the best of my knowledge and belief.

I declare under penalty of perjury and the laws of the United States of America that this Declaration is true and correct, except as to matters stated on information and belief, and as to those matters, I believe them to be true.

Dated:  February 6, 2025

Zackari S. Mercado
Federal Bureau of Investigation

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

     Plaintiff,

v.                                                                                      No. 1:25-cv-00130 GBW JFR

7112 AZTEC ROAD NE,
ALBUQUERQUE, NEW MEXICO

     Defendant-in-rem.

## NOTICE OF COMPLAINT FOR FORFEITURE

TO:   7112 Aztec Road Ne,
      Albuquerque, New Mexico

     1.    FORFEITURE COMPLAINT: On March 07, 2025, the United States of America filed a civil complaint seeking forfeiture, pursuant to 18 U.S.C. § 981(a)(1) in the United States District Court for the District of New Mexico, against the following property:

7112 AZTEC ROAD NE, ALBUQUERQUE, BERNALILLO COUNTY, NEW MEXICO 87110

     PLEASE TAKE NOTICE that this case has been randomly assigned to United States Magistrate Judge Gregory B. Wormuth to conduct dispositive proceedings in this matter, including motions and trial. Appeal from a judgment entered by a Magistrate Judge will be to the United States Court of Appeals for the Tenth Circuit. *Consent is strictly voluntary, and a party is free to withhold consent without adverse consequences. Should a party choose to consent, notice should be made no later than 21 days after entry of the Order setting the Rule 16 Initial Scheduling Conference.* For e-filers, visit the Court Web site at www.nmd.uscourts.gov for more information and instructions.

     2.    FILING OF A VERIFIED CLAIM: Pursuant to Supplemental Rule G(5)(a)(ii), in order to avoid forfeiture of the defendant property, any person who asserts an interest in the defendant property must file a verified claim with the Office of the Clerk, United States District

Court, District of New Mexico *within 35 days after the date of this notice.*

3.    CONTENTS OF VERIFIED CLAIM: Pursuant to Rule G(5)(a), the claim must (A) identify the specific property claimed; (B) identify the claimant and state the claimant's interest in the property; and (C) be signed by the claimant under penalty of perjury. In signing your verified claim under penalty of perjury, you must specifically certify, under penalty of perjury, that the assertions contained in it are true and correct. *See* 28 U.S.C. § 1746. If the Statement of Right or Interest is made on behalf of the person entitled to possession by an agent, bailee, or attorney, it must state that the agent, bailee, or attorney is duly authorized to make the Statement of Right or Interest.

4.    FILING OF AN ANSWER: If you filed a verified claim, you must then file an answer to the complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure with the Office of the Clerk, United States District Court, District of New Mexico *within 21 days after filing the verified claim.*

5.    FILING WITH COURT AND SERVICE ON UNITED STATES: As noted above, both the verified claim and answer must be filed with the Office of the Clerk, United States District Court for the District of New Mexico, 333 Lomas Blvd., N.W., Albuquerque, NM 87102. A copy of any Statement of Right or Interest and Answer (or motion) filed also must be sent to Stephen R. Kotz, Assistant United States Attorney for the District of New Mexico, 201 Third Street NW, Suite 900, Albuquerque, NM 87102.

6.    FAILURE TO COMPLY WITH RULE G: Failure to follow the requirements set forth above may result in judgment by default taken against you for relief demanded in the Complaint. You may wish to seek legal advice to protect your interests.

7.    PETITION FOR REMISSION: The government may also consider granting petitions for remission or mitigation, which pardon all or part of the property from the forfeiture. A petition must include a description of your interest in the property supported by

documentation; include any facts you believe justify the return of the property; and be signed under oath, subject to the penalty of perjury, or meet the requirements of an unsworn statement under penalty of perjury. *See* 28 U.S.C. § 1746. The regulations pertaining to remission or mitigation of the forfeiture are 28 C.F.R. §§ 9.1 - 9.9. The criteria for remission of the forfeiture are found at 28 C.F.R. § 9.5(a). The criteria for mitigation of the forfeiture are found at 28 C.F.R § 9.5(b). The petition for remission need not be made in any particular form and may be filed online or in writing. You should file a petition for remission not later than 11:59 PM EST 30 days after the date you receive this notice.   *See* 28 C.F.R. § 9.3(a). The https://www.forfeiture.gov/FilingPetition.htm website provides access to a standard petition for remission form that may be mailed and the link to file a petition for remission online. This website also provides answers to frequently asked questions (FAQs) about filing a petition for remission. If you cannot find the desired assets online, you must file your petition for remission in writing by sending it to United States Attorney's Office, 201 Third Street NW, Suite 900 Albuquerque, NM 87102, Attn: Stephen R. Kotz, Assistant United States Attorney. You may file both a verified claim with the court and a petition for remission or mitigation with the government.

       8.     ADDITIONAL INFORMATION: Additional procedures and regulations regarding this forfeiture action are found at 18 U.S.C. § 983; 19 U.S.C. §§ 1602-1619; and 28 C.F.R. § 9.

       9.     In accordance with 18 U.S.C. § 985(c)(1)(B), this Notice shall be posted on the Defendant property and served on the property owner, along with a copy of the Complaint for Forfeiture In Rem.

       **Failure to follow the requirements set forth above may result in judgment by default taken against you for relief demanded in the Complaint. You may wish to seek legal advice to protect your interests.**

Dated: March 31, 2025

Respectfully Submitted,

HOLLAND S. KASTRIN
Acting United States Attorney

STEPHEN R. KOTZ
Assistant U.S. Attorney
201 Third Street NW, Suite 900
Albuquerque, NM   87102
(505) 346-7274