## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                   Case No. 1:25-cv-00130 GBW JFR

7112 AZTEC ROAD NE,
ALBUQUERQUE, NEW MEXICO

        Defendant-in-rem.

### PLAINTIFFS-INTERVENORS' MOTION FOR LEAVE TO INTERVENE

Plaintiffs-Intervenors, by and through undersigned counsel, hereby file this Motion for Leave to Intervene and respectfully request that this Court grant them leave to intervene as defendants in this action as of right pursuant to Federal Rule of Civil Procedure 24(a)(2) or, in the alternative, grant them permissive intervention pursuant to Federal Rule of Civil Procedure 24(b)(1)(B).

## I.      BACKGROUND

Plaintiffs-Intervenors Carlos Sandoval-Smith, Pedro Anthony Gonzalez, Jose David Vasquez, Antonio Abelardo Barron, Mary Nicole Tixier, John Does 1-5, and Jane Does 1-5 are each persons who fell victim to an exceptionally pernicious bribery scheme orchestrated by Thomas Clear III, Esq., his paralegal, at least one other attorney, and numerous law enforcement officers employed by three of the largest law enforcement agencies in the State of New Mexico. Over the course of decades, Mr. Clear operated Clear & Clear, P.A., his namesake law firm, out of a residential building at 7112 Aztec Road NE in Albuquerque, New Mexico. It was at that residence that Mr. Clear solicited Plaintiffs-Intervenors' retention of his legal services, involving them unknowingly in a system of kickbacks that rewarded salaried law enforcement officers for failing

to participate in, and thereby guarantee the dismissal of, criminal prosecutions related to DUI charges the officers initiated against Plaintiffs-Intervenors. On February 12, 2025, Mr. Clear pleaded guilty to violations of federal criminal law in relation to his leadership of and participation in this scheme. *See* Doc. 4, USA v. Thomas J. Clear III, No. 1:25-cr-00258-MLG (D.N.M. Feb. 12, 2025).

Plaintiffs-Intervenors (victims) filed a class action lawsuit (the "Lawsuit") on February 12, 2025, in New Mexico's Second Judicial District Court seeking redress for the deprivations of rights and direct physical, emotional, and pecuniary harm they suffered as a direct result of being targeted by Mr. Clear's DUI scheme and Mr. Clear's commission of the offenses outlined in his plea agreement. The Lawsuit asserts claims against Mr. Clear, and as amended on March 14, 2025, against Clear & Clear, PA. Thus, Plaintiffs-Intervenors are actively pursuing judgment against Mr. Clear, who to Plaintiffs-Intervenors' knowledge is the lawful owner of 7112 Aztec Road NE. Plaintiffs-Intervenors are the direct victims of the crimes and violations committed by Mr. Clear and Clear & Clear, PA. Undersigned counsel spoke directly with the United States Government about whether any of the funds received from this action would be disbursed to the victims and who they define or identify as the victims. They were unwilling to disclose and address any of these questions, instead stating that they would oppose any effort made for the victims to intervene. Further, it has become known now to Plaintiffs-Intervenors (victims) that Travelers Insurance who provided insurance to Mr. Clear and Clear & Clear, PA has denied coverage and in speaking with the United States Government, they claim there is no way to forfeit any other property owned by Mr. Clear and Clear & Clear, PA as Mr. Clear's home and personal accounts are all community property. As such, there may be no other available funds for Plaintiffs-Intervenors (victims) to receive from the criminal acts of Mr. Clear and Clear & Clear, PA.

Plaintiffs-Intervenors now move this Court for leave to intervene in order to protect their interests in the property at 7112 Aztec Road NE in Albuquerque, New Mexico as to do otherwise would be a manifest injustice.

## II.    ARGUMENT

Federal Rule of Civil Procedure 24(a)(2) provides:

> On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

To intervene as of right under Rule 24(a)(2), an applicant must meet four requirements:

(1) the motion to intervene is timely;
(2) the potential intervenor asserts an interest that is related to the basis of the controversy in the underlying case;
(3) the disposition of the case may impair or impede the potential intervenor's ability to protect his interest; and
(4) the existing parties do not adequately represent the potential intervenor's interests.

See United States v. Albert Inv. Co., 585 F.3d 1386, 1391 (10th Cir. 2009).

The Tenth Circuit has historically taken a "liberal" approach to intervention and thus favors the granting of motions to intervene. See, e.g., Coal. of Ariz./N.M. Ctys. for Stable Econ. Growth v. Dep't of Interior, 100 F.3d 837, 841 (10th Cir. 1996).

As shown and argued above Plaintiffs-Intervenors (victims) meet all of the four requirements. As such, the court must permit them to intervene and claim "an interest relating to the property or transaction that is the subject of the action" as disposing of the action without allowing them to intervene will impair or impede their ability to protect their interest. As shown, the Government, as the existing parties, is unwilling to adequately represent that interest. An interest in preventing an economic injury is certainly sufficient for intervention as of right.

The Motion to Intervene is timely because no discovery has taken place, no motions have been filed by any party, and a little over two months have passed since Defendant-in rem filed an appearance. To determine timeliness "in light of all of the circumstances." *Okla. ex rel. Edmondson v. Tyson Foods, Inc.,* 619 F.3d 1223, 1232 (10th Cir. 2010). But three non-exhaustive factors are "particularly important: (1) the length of time since the movants knew of their interests in the case; (2) prejudice to the existing parties; and (3) prejudice to the movants." *Id.* (citation omitted). Here, Plaintiffs-Intervenors moved to intervene a little over two months after Defendant-in rem filed an appearance. Moreover, no discovery has taken place, and no motions have been filed by any party. Given how early in the lawsuit the groups moved to intervene, and, as a result, the lack of prejudice to any of the parties, the motion is timely. *See Utah Ass'n of Ctys. v. Clinton*, 255 F.3d 1246, 1251 (10th Cir. 2001) (considering "the relatively early stage of the litigation and the lack of prejudice to plaintiffs flowing from the length of time between the initiation of the proceedings and the motion to intervene").

### III.    CONCLUSION

WHEREFORE, Plaintiffs-Intervenors respectfully request in the interest of justice leave to intervene and respectfully request that this Court grant them leave to intervene as defendants in this action as of right pursuant to Federal Rule of Civil Procedure 24(a)(2) or, in the alternative, grant them permissive intervention pursuant to Federal Rule of Civil Procedure 24(b)(1)(B).

Respectfully submitted,

LAW OFFICE OF FRANCES CROCKETT, LLC

*/s/ Frances C. Carpenter*
Frances C. Carpenter
Graciela R. Esquivel
925 Luna Circle NW
Albuquerque, NM  87102
Tel: (505) 314-8884
Fax: (505)835-5658

frances@francescrockettlaw.com
graciela@francescrockettlaw.com

-and-

SMITH & MARJANOVIC LAW, LLC

*/s/ Taylor E. Smith*
Taylor E. Smith
Griffin M. Arellano
Smith & Marjanovic Law, LLC
6731 Academy Rd. N.E., Suite B
Albuquerque, NM 87109
(505) 273-3873
taylor@legalhelpnm.com
griffin@legalhelpnm.com

*Attorneys for Plaintiffs-Intervenors*

I hereby certify that a true and correct
copy of the foregoing was electronically
served to all counsel of record via the CM/ECF
system on this 11th day of July 2025

*/s/ Frances C. Carpenter*
Frances C. Carpenter