IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                                        Civ. No.: 1:25-cv-00130 KG-JFR

7112 AZTEC ROAD NE,
ALBUQUERQUE, NEW MEXICO

    Defendant-*in-rem*,

and

THOMAS J. CLEAR III

    Claimant.

**RESPONSE TO MOTION FOR LEAVE TO INTERVENE**

Carlos Sandoval-Smith, Pedro Anthony Gonzalez, Jose David Vasquez, Antonio Abelardo Barron, Mary Nicole Tixier, John Does 1-5, and Jane Does 1-5 filed a motion to intervene as in this civil *in rem* forfeiture action pursuant to Fed.R.Civ.P 24(a)(2). The motion is without merit as a matter of law and the Court should deny the motion.

This forfeiture action arises from the involvement of 7112 Aztec NE in money laundering transactions arising from former attorney Thomas J. Clear III's orchestration of a scheme in which police officers intentionally failed to appear for DWI trials and hearings in exchange for monetary payments and other things of value. The failures to appear allowed Clear to obtain dismissal of DWI charges.

The Plaintiff-Intervenors (hereafter referred to as "State Court Plaintiffs") have filed a class action lawsuit for deprivation of civil rights in the New Mexico Second Judicial District Court, No. D-202-CV-2025-01387, against Mr. Clear, his paralegal, the City of Albuquerque, the Bernalillo County Board of Commissioners, the New Mexico Department of Public Safety, the APD Police Chief, and 15 former officers. They have not obtained judgment in State court. They

contend that because they claim the status of victims[1] in a state court proceeding, they are entitled to intervene in this federal civil *in rem* forfeiture action as of right under Fed.R.Civ.P. 24(a)(2) to protect their interest in potential unspecified damages.

State Court Plaintiffs lack both statutory and Article III standing to intervene in this forfeiture action, and the statutes and rules applicable to civil *in rem* forfeiture actions provide the exclusive means for contesting this action.

## Pertinent Background and Procedural History

1.   On February 7, 2025, the United States filed a Complaint for Forfeiture *In Rem* seeking forfeiture of the Defendant 7112 Aztec Road NE, Albuquerque, NM (hereafter Defendant Property). (Doc. 1).  The complaint seeks forfeiture of the property under 18 U.S.C. § 981(a)(1) because it was involved in money laundering transactions in violation of 18 U.S.C. § 1956. (Doc. 1, ¶¶ 27-29).

2.   A Notice of Civil Forfeiture was posted on www.forfeiture.gov from April 30, 2025, through May 29, 2025, as required by Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. (Doc. 8). The time for filing a claim to assert an interest in the property in response to the publication expired on June 29, 2025. *See* Supp.R. G(5)(ii)(B).

---

[1] To date, the State Court Plaintiffs have not established that they are entitled to any damages, much less that they have any recognizable interest entitling them to the current relief they seek as to the Defendant property. Whether or not any State Court Plaintiffs are entitled to damages is not relevant to the Court's disposition of the present motion. Nonetheless, it is worth noting that the State Court Plaintiffs provide a blanket assertion that they are "victims" of the extortion scheme but do not provide any information or details to support that position. This appears to be premised upon the idea that officers somehow manufactured false evidence of DWI offenders' intoxication. To the contrary, the general theme of the criminal cases brought by the Government involves the arrest of impaired drivers whose criminal cases then progressed through the system corruptly in ways that ultimately benefitted drunk drivers by either dismissing the criminal charges or not having charges filed. Of the persons listed in the motion to intervene, each appears to be a person who was arrested for driving while intoxicated (DWI) by officers who were involved in the criminal scheme. The United States has no information that these officers were manufacturing evidence to effectuate the arrest of otherwise unimpaired drivers. Instead, following the DWI arrest, the involved officers were accepting payment in exchange for not appearing as required. While the DWI arrest may have caused harm (such as loss of employment), that harm is result of the DWI arrest, not the extortion scheme that supported the forfeiture of Clear's law office and the criminal charges against Clear and others.

3.     Thomas J. Clear, III is the owner of the Defendant Property. (Doc. 1, ¶ 7). On July 8, 2025, the United States and Thomas J. Clear, III filed a stipulated agreement to forfeit property in which Mr. Clear agreed to forfeit all rights, title, and interest in the Defendant Property to the United States. (Doc. 9).

4.     On July 8, 2025, the United States filed a motion for entry of final judgment and order of forfeiture. (Doc. 10).

5.     Despite lacking any cognizable interest in the Defendant Property, the State Court Plaintiffs filed a motion to intervene in this action on July 14, 2025. (Doc. 11).

6.     Other than the agreement to forfeit property, no one has filed a claim asserting a legal interest in the Defendant property as required by Supp. R. G(5)(a)(i).

At the outset, the United States notes that State Court Plaintiffs premise their motion largely on the unsupported assertion that Defendant Property may be the only source for recovery of damages, should any be awarded in the State Court lawsuit in the future, from Mr. Clear and his law firm. This assertion rings hollow as it ignores the plethora of other potentially liable Co-Defendants named in the State Court lawsuit.

## State Court Plaintiffs Lack Standing To Intervene In This Action

This is an *in rem* civil asset forfeiture case. (Doc. 1). In such a case, the United States is the plaintiff, the property/asset is the defendant, and the claimant is an intervenor seeking to challenge the forfeiture of the defendant property. *United States v. $148,840 in U.S. Currency,* 521 F.3d 1268, 1273 (10th Cir. 2008); *Via Mat International South America, Ltd. v. United States,* 446 F.3d 1258, 1264 (11th Cir. 2006) (a civil forfeiture proceeding is not an action against the claimant but rather is an *in rem* action against the property); *United States v. All Funds in Account Nos. 747.034/278(Banco Espanol de Credito)*, 295 F.3d 23, 25 (D.C. Cir. 2002) ("Civil forfeiture actions are brought against property, not people. The owner of the property may intervene to protect his interest.").

Standing is a threshold issue in every federal civil forfeiture case. *United States v. $148,840 in U.S. Currency*, 521 F.3d 1268, 1273 (10th Cir. 2008); *Via Mat International South America, Ltd. v. United States*, 446 F.3d 1258, 1261 (11th Cir. 2006) (Standing "is the threshold question in every federal case, determining the power of the Court to entertain the suit"), quoting *Warth v. Seldin*, 422 U.S. 490, 498 (1975); *United States v. $38,570 in U.S. Currency*, 950 F.2d 1108, 1111 (5th Cir. 1992)(standing is a threshold question on which the claimant "bears the burden of demonstrating an interest in the seized item sufficient to satisfy the Court of his standing").

As an intervenor, State Court Plaintiffs must have standing both under the statute or statutes governing their claims and also under Article III of the Constitution as required for any action brought in federal court." *United States v. Technodyne LLC,* 753 F.3d 368, 380 (2d Cir. 2014) (quoting *United States v. Cambia Exacto, S.A.,* 166 F.3d 522, 526 (2d Cir. 1999)); *United States v. Rahmankulov,* No. 20-cr-653, 2024 WL 68419, at *2 (S.D.N.Y. Jan. 5, 2024). Article III standing "is the threshold question in every federal case, determining the power of the court to entertain the suit." *Warth v. Seldin,* 422 U.S. 490, 498 (1975). The court is required to resolve the Article III standing question before reviewing the merits of the case. *See All. for Env't Renewal, Inc. v. Pyramid Crossgates* Co., 436 F.3d 82, 85-87 (2d Cir. 2006); *Steel* Co. *v. Citizens for a Better Env't,* 523 U.S. 83, 92 (1998).

A. <u>State Court Plaintiffs Lack Statutory Standing</u>

Congress has enacted statutes and procedural rules to govern forfeiture actions *in rem* arising from a federal statute. Among other things, the governing statutes and rules require a would-be intervener in a forfeiture action to establish, by filing a timely claim to some or all of the defendant property, identifying the claimant and stating the claimant's interest in the

particular defendant property. *See* 18 U.S.C. § 983(a)(4)(A) and Supp.R. for Asset Forfeiture Actions G(5).[2] Compliance with these requirements gives rise to ''statutory standing.''

State Court Plaintiffs have not filed the required claim, and they lack the ownership interest necessary to file a claim. In an *in rem* forfeiture action, a claimant bears the burden to prove that the claimant is an "innocent owner." *See* 18 U..S.C § 983(d)(1). To succeed on an innocent owner defense, the claimant must prove that they are both an owner, and that they are innocent. *See United States v. 2121 Celeste Road,* 2016 WL 3124635, *32 (D.N.M. May 31, 2016). The statute defines the term "owner" as "a person with an ownership interest in the specific property sought to be forfeited, including a leasehold, lien, mortgage, recorded security interest, or valid assignment of an ownership interest." The term "does not include a person with only a general unsecured interest in, or claim against, the property or estate of another." 18 U.S.C. § 983(d)(6)(A) and (B)(i). State Court Plaintiffs cannot meet the statutory burden of proof because they do not qualify as an "owner". The mere possibility of recovery of unspecified potential damages in a State Court proceeding does not meet the particularized ownership interest in the specific property required by 8 U.S.C. § 983(d)(6)(A).

State Court Plaintiffs did not file the claim required by Supplemental Rule G, and they do not meet 18 U.S.C. § 983's definition of an "owner" entitled to contest a forfeiture. Accordingly, the State Court Plaintiffs lack statutory standing to contest this action.

---

[2] 18 U.S.C. § 983(a)(4)(A) provides in pertinent part that in any case in which the Government files …a complaint for forfeiture of property, any person claiming an interest in the property may file a claim asserting such interest in the property in the manner set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims.
    Supplemental Rule G(5)(a)(i)(A)-(D) requires that a claim contain the following:
    (i) A person who asserts an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action is pending. The claim must:
        (A) identify the specific property claimed;
        (B) identify the claimant and state the claimant's interest in the property;
        (C) be signed by the claimant under penalty of perjury; and
        (D) be served on the government attorney designated under Rule G(4)(a)(ii)(C) or (b)(ii)(D). ….

B. <u>State Court Plaintiffs Have No Right to Intervene Under Rule 24</u>

Because this action is governed by 18 U.S.C. § 983 and Supplemental Rule G, Plaintiffs have no right to intervene in this forfeiture action under Fed.R.Civ.P 24.

Supplemental Rule G and 18 U.S.C. § 983 mandate the specific requirements and procedures for intervening in and contesting an *in rem* forfeiture case. State Court Plaintiffs cannot use Fed.R.Civ.P. 24(a)(2) to avoid the requirements of the statutes and rules applicable to federal *in rem* forfeiture actions.

Supplemental Rule G(1) provides as follows:

> This rule governs a forfeiture action in rem arising from a federal statute. To the extent that this rule does not address an issue, Supplemental Rules C and E and the Federal Rules of Civil procedure also apply.

The Advisory Committee Notes to Rule G makes it clear that Rule G governs civil forfeiture proceeding on an issue that the rule addresses; it is not merely a supplement to the Federal Rules of Civil Procedure. The Note states that other rules "are to be used only when Rule G, fairly construed, does not address the issue." Rule G specifically addresses who may contest a forfeiture action and the procedure for doing so. Therefore, the only way for a third party to intervene in a civil forfeiture case is to file a claim to the property and an answer to the Government's complaint pursuant to Supplemental Rule G(5). *See United States v. All Assets Held at Bank Julius Baer & Co.,* 743 F.Supp.3d 204, 217 (D.D.C. 2024).

Accordingly, the requirements of Rule G control, and Rule 24's intervention provisions do not apply. *See United States v. All Assets Held At Credit Suisse (Guernsey) Limited,* 45 F.4th 426 (D.C. Cir. 2022) (because the Civil Rules do not apply if there is a conflict with the Supplemental Rules, anything in Rule 65 limiting the application of restraining orders to third parties is trumped by Rule G(7)(a) which permits the court to "enter any order necessary to preserve the property"); *United States v. Contents of Accounts (Chavez),* 629 F.3d 601, 608-09 (6th Cir. 2011) (rejecting argument that Rule G merely supplements the Civil Rules and holding

that Rule G(8)(d) provides the exclusive remedy for seeking the return of property pending trial in a civil forfeiture case, trumping Rule 65).

In any event, State Court Plaintiffs fail Rule 24's test for intervention as of right because they cannot show they have an interest in this forfeiture action. *See United States v. $7,206,157,717 on Deposit at JP Morgan Chase Bank, N.A.,* 274 F.R.D. 125, 126 (S.D.N.Y. 2011). The State Court Plaintiffs' status as potential victims who may recover against Mr. Clear in state court is too remote to create the interest necessary to intervene as a matter of right. *See Id.* Permissive intervention under Rule is 24 is even less appropriate. This is an action *in rem* and the State Court Plaintiffs have no interest in the *res*. To allow those with, at most, a potential future judgment against the owner of the *res* to intervene would open the floodgates of intervention in forfeiture actions and would not serve the efficient administration of justice. *See Id.* To the extent that State Court Plaintiffs are identified by the federal court and adjudged the victims of the crime of conviction in the federal prosecutions related to this forfeiture action, they are not without remedy. The Attorney General has the authority under 18 U.S.C. § 981(e)(6) to restore forfeited property to any victim of the offense giving rise to the forfeiture.

Moreover, "because an intervenor participates on equal footing with the original parties to a suit, a movant for leave to intervene under Rule 24(a)(2) must satisfy the same Article III standing requirements as original parties.'' *See United States v. 8 Gilcrease Lane*, 641 F.Supp. 2d 1, 4 (D.D.C. 2009). Putative claimants have no separate right to intervene under Rule 24 of the Federal Rules of Civil Procedure. *Id.* As demonstrated below, State Court Plaintiffs lack Article III standing.

C. <u>State Court Plaintiffs Lack Article III Standing</u>

Article III standing relates to the claimant's ability to show that he has a sufficient interest in the property to satisfy the case-or-controversy requirement of Article III of the

Constitution." *United States v. $148,840 in United States Currency*, 521 F.3d 1268, 1273, n.3 (10th Cir. 2008), *citing United States v. $8,221,877.16 in United States Currency,* 330 F.3d 141, 150, n.9 (3d Cir. 2003); *United States v. 8 Gilcrease Lane,* 641 F. Supp.2d 1, 5-6 (D.D.C 2009).

To possess Article III standing, a claimant "must have suffered or be imminently threatened with a concrete and particularized 'injury in fact' that is fairly traceable to the challenged action of the defendant and likely to be redressed by a favorable judicial decision." *Lexmark Int'l, Inc. v. Static Control Components, Inc.,* 572 U.S. 118, 125 (2014), *quoting Lujan v. Defs. of Wildlife,* 504 U.S. 555, 560 (1992); *United States v. All Assets Held at Bank Julius Baer & Co.*, 2020 WL 7640213, *9-10 (D.D.C. Dec. 23, 2020) (a "colorable" interest is sufficient to establish Art. III standing, but to be "colorable," the interest must be "concrete and particularized and actual or imminent, not conjectural, hypothetical or speculative"; that property held in a third party's name might someday be used to satisfy a judgment against the claimant in a foreign court is too speculative to create the colorable interest); *see also, United States v. Yung Sin and Adriana Jones, et.al., Petitioners,* 2025 WL 1591868, slip.op. (S.D.N.Y. June 6, 2025) (Petitioners lack Article III standing to proceed with this ancillary proceeding because they possess no present legal interest in the forfeiture assets and have not otherwise alleged a cognizable injury).

In *Yung Sin,* the petitioners obtained a default judgment against the Juarez Cartel in the Federal Court in the District of North Dakota under the Federal Anti-Terrorism Act for the murders and injuries to family members in Mexico. Petitioners moved for a writ of attachment against the assets of the *Ying Sun* defendants on the grounds that they constituted an agency or instrumentality of the Juarez Cartel. The Court dismissed their petition for lack of Article III standing. The Court determined that the Petitioners did not possess an interest in the property. Rather, they merely possess an unexecuted judgment against the Juarez Cartel. 2025 WL 1591868 at *2-3. The Court held that the judgment does not confer on the Jones petitioners a present interest in the forfeiture

property, and that they failed to explain otherwise how an unexecuted judgment against a party not before the Court is sufficient to establish a cognizable injury. *Id.*

The State Court Plaintiffs here do not even possess a judgment. They possess claimed victim status in a state court case to be decided at some future date. A party that holds no more than a claim against the owner or possessor lacks standing to challenge a property forfeiture. *See United States v. Cambia Exacto, S.A.,* 166 F.3d 522, 527 (2d Cir. 1999). A potential civil judgment in state court is speculation. As such, it cannot confer an interest sufficient to satisfy the case or controversy clause. *See Smith ex rel. Est. of Smith v. Fed. Rsrv. Bank of New York,* 346 F.3d 264, 270-71 (2d Cir. 2003).

Sound public policy supports not permitting third parties with inchoate claims to intervene in a civil *in rem* forfeiture action. If persons with civil causes of action against wrongdoers had the right to litigate their claims in forfeiture proceedings, forfeiture cases would become forums for general civil litigation of all manner of claims involving wrongdoers. Forfeiture would cease to be an effective tool of federal law enforcement; federal prosecutors would, in every case, have to weigh the benefits of pursuing assets and seeking their forfeiture against the prospect of being dragged into potentially unlimited civil litigation over torts, contracts, and other theories of liability beyond the ken of federal law enforcement. *See United States v. 8 Gilcrease Lane,* 641 F. Supp.2d 1, 7 (D.D.C. 2009).

## Conclusion

The motion to intervene lacks substance as a matter of law. The State Court Plaintiffs lack both statutory and Article III standing to intervene in this forfeiture action as they have no cognizable interest in the Defendant property and the statutes and rules governing forfeiture actions, not Rule 24, control this action. Accordingly, the motion must be denied.

Respectfully submitted,

RYAN ELLISON
United States Attorney

***Electronically filed July 22, 2025***
STEPHEN R. KOTZ
Assistant U.S. Attorney
201 3rd Street NW, Suite 900
Albuquerque, NM 87102
(505) 346-7274

I HEREBY CERTIFY that I electronically. filed the foregoing with the Clerk of the Court using the CM/ECF system which will send electronic notification to counsel of record on this date.

***/s/ Electronically filed July 22, 2025***
STEPHEN R. KOTZ
Assistant United States Attorney