**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                Case No. 1:25-cv-00130-KG-JFR

7112 AZTEC ROAD NE,
ALBUQUERQUE, NEW MEXICO

       Defendant-in-rem.

**PROPOSED PLAINTIFF-INTERVENORS' REPLY TO THE UNITED STATES'
RESPONSE TO MOTION FOR LEAVE TO INTERVENE**

       Proposed Plaintiff-Intervenors, by and through undersigned counsel, hereby file this

Reply to the United States' Response to Motion for Leave to Intervene and respectfully request

that this Court grant them leave to intervene as defendants in this action as of right pursuant to

Federal Rule of Civil Procedure 24(a)(2).

**Argument**

       The United States argues that the civil forfeiture statute precludes a motion to intervene.

The government cites all out of circuit cases for this proposition. [Document 13, pg 6-7]

However, the U.S. District Court of New Mexico has ruled differently. In *United States v. 2700

Isleta Blvd*, 10-CV-1059 JAP/LFG (D. N.M. Jul 14, 2011), Judge Parker addressed a motion to

intervene in a civil forfeiture case matter. Judge Parker granted a motion to intervene on the

merits. *Id.* ("[T]he Motion should be granted on its merits."). The opinion made no reference to

the timeliness of the proposed intervenor's filing or required it to meet the standards of 18 U.S.C.

§ 983. *United States v. 2700 Isleta Blvd*, 10-CV-1059.

       Defendant asserts that 18 U.S.C. § 983 and Supplemental Rule G require a notice of

claim pursuant to Fed.R.Civ.P G. [Document 13, pg 4-5] However, the Rule does not include

mandatory language. It states: "Filing a Claim. . . . A person who asserts an interest in the

defendant property *may* contest the forfeiture by filing a claim in the court where the action is

pending." Fed.R.Civ.P G(5)(a)(i) (emphasis added). The use of "may" is permissive and as such

does not require Proposed Plaintiff-Intervenors to use the statutes and procedural rules that

govern forfeiture actions. *Id.* As such, any failure to proceed according to 18 U.S.C. § 983 and

Supplemental Rule G do not preclude a motion to intervene.

       Even if it does, the notice provisions required by 18 U.S.C. § 983 and Supplemental Rule

G are not helpful to claimants. In the interest of justice, Proposed Plaintiff-Intervenors have

demonstrated sufficient injury in fact, as described below, that provides that Rule 24 intervention

is appropriate.

       The United States next argues that pursuant to Rule 24, Proposed Plaintiff-Intervenors

cannot demonstrate they have an interest in the above referenced property. [Document 13, pg 7-

9] The government accuses the Proposed Plaintiff-Intervenors' injury as being too speculative.

[Document 13, pg 9] It ignores that Thomas Clear III, who operated Clear & Clear, P.A. out of

the residential property at issue in this matter, pleaded guilty on February 12, 2025. *See* Doc. 4,

*USA v. Thomas J. Clear III*, No. 1:25-cr-00258-MLG (D.N.M. Feb. 12, 2025). Proposed

Plaintiff-Intervenors' state court claims are rooted in activity to which Mr. Clear has admitted.

This admission establishes that Proposed Plaintiff-Intervenors' interest in Mr. Clear's property is

not solely speculative but based in admitted behavior that has preclusive effect on the state court

claims. *See State Farm Fire and Cas. Co. v. Fullerton*, 118 F.3d 374 (5th Cir. 1997)

(determining that a guilty plea had a preclusive effect on a subsequent civil action in Texas).

This preclusive effect converts Proposed Plaintiff-Intervenors' state court claims from

speculative claims to those that are sufficiently certain to make a claim for intervention.

Proposed Plaintiff-Intervenors' injury in fact derives from the claims that are the direct victims of the crimes and violations committed by Mr. Clear and Clear & Clear, PA. It was at the residence in question that Mr. Clear solicited Plaintiffs-Intervenors' retention of his legal services, involving them unknowingly in a system of kickbacks that rewarded salaried law enforcement officers for failing to participate in, and thereby guarantee the dismissal of, criminal prosecutions related to DUI charges the officers initiated against Plaintiffs-Intervenors. In sum they were injured by Mr. Clear's scheme and recovery is based on Mr. Clear's assets. As Proposed Plaintiff-Intervenors stated in their motion, Travelers Insurance who provided insurance to Mr. Clear and Clear & Clear, PA has denied coverage and in speaking with the United States, they claim there is no way to forfeit any other property owned by Mr. Clear and Clear & Clear, PA as Mr. Clear's home and personal accounts are all community property. As such, there may be no other available funds for Proposed Plaintiffs-Intervenors to receive from the criminal acts of Mr. Clear and Clear & Clear, PA.

Finally, Proposed Plaintiff-Intervenors also address the United States' argument regarding Proposed Plaintiff-Intervenors entitlement to damages. [Document 13, pg 2 fn 1] Proposed Plaintiffs-Intervenors were the financial engine for a criminal enterprise which materially profited the enterprises' participants—including Mr. Clear. The participants in the enterprise, including Mr. Clear, adjudicated the amount of due process and access to justice to which our victims were entitled through a proxy of whether the Proposed Plaintiffs-Intervenors were willing to give cash payments. Fundamentally, due process is conferred to protect the rights of those accused of wrongdoing and to that end, its protections are at its strongest when there's a credible threat of criminal prosecution. Therefore, the allegations made by law enforcement officers involved in this scheme as to the wrongdoing of the Proposed Plaintiffs-Intervenors,

while at this point are completely unreliable due to the manifest malice and unlawful intent with which they investigated these individuals, implicate a great level of protection under both the United States Constitution and New Mexico Constitution. When the government accuses a person of being criminally liable, that's when that person should be protected by due process. The scheme's perversion of due process, with the facilitation of Mr. Clear, left our plaintiffs disoriented. It is not solely the financial harm, but that the Proposed Plaintiffs-Intervenors were accused of drunk driving and were forced to go through administrative and adjudicative processes. Proposed Plaintiffs-Intervenors' injury is they did not get protections from the inception of the investigation into their alleged drunk driving and they were being deprived of due process and their lawful constitutional rights because the officers' and Mr. Clear's motive was to extract financial gain from them, not to duly execute the laws. As such, Proposed Plaintiffs-Intervenors have an injury that is traceable to Mr. Clear, and his property could satisfy a judgment on that basis.

WHEREFORE, Proposed Plaintiffs-Intervenors respectfully request in the interest of justice leave to intervene and respectfully request that this Court grant them leave to intervene as plaintiffs in this action as of right pursuant to Federal Rule of Civil Procedure 24(a)(2) or, in the alternative, grant them permissive intervention pursuant to Federal Rule of Civil Procedure 24(b)(1)(B).

Respectfully submitted,

LAW OFFICE OF FRANCES CROCKETT

*/s/ Frances C. Carpenter*
Frances C. Carpenter
Graciela R. Esquivel
925 Luna Circle NW
Albuquerque, NM 87102
Telephone 505.314.8884

4

Fax 505.835.5658
frances@francescrockettlaw.com
graciela@francescrockettlaw.com

-and-

SMITH & MARJANOVIC LAW, LLC

*/s/ Taylor E. Smith*
Taylor E. Smith
Griffin M. Arellano
Smith & Marjanovic Law, LLC
6731 Academy Rd. N.E., Suite B
Albuquerque, NM 87109
(505) 273-3873
taylor@legalhelpnm.com
griffin@legalhelpnm.com

*Attorneys for Plaintiffs*


I hereby certify that a true and correct
copy of the foregoing was electronically
served to all counsel of record via the CM/ECF
system on this 4th day of August 2025

*/s/ Frances C. Carpenter*
Frances Carpenter