IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                  Case No. 1:25-cv-00130-KG-JFR

7112 AZTEC ROAD NE,
ALBUQUERQUE, NEW MEXICO,

    Defendant-*in-rem*,

*and*

THOMAS J. CLEAR,

    Claimant.

## **ORDER**

**THIS MATTER** is before the Court on a motion for leave to intervene filed under Federal Rule of Civil Procedure 24 by proposed intervenors Carlos Sandoval-Smith, Pedro Anthony Gonzales, Jose David Vasquez, Antonio Abelardo Barron, Mary Nicole Tixier, John Does 1-5, and Jane Does 1-5. Doc. 11. For the reasons below, the Court **DENIES** the motion.

In the underlying criminal matter, claimant Thomas Clear pleaded guilty to laundering proceeds from a kickback scheme. Doc. 11 at 2. For nearly two decades, Mr. Clear, a former defense attorney, bribed police officers to not attend driving-while-intoxicated hearings, securing dismissals for his clients. Doc. 1 at 8–11. Mr. Clear coordinated the scheme from an office building at 7112 Aztec Road NE in Albuquerque, the defendant *in rem* here. Doc. 1 at 13–14.

In July 2025, the United States filed a complaint under 18 U.S.C. § 981(a)(1) seeking forfeiture *in rem*, alleging that Mr. Clear used the defendant property to launder proceeds. Doc. 1 at 2. As part of his plea agreement, Mr. Clear forfeited the property. *See* Doc. 9.

The proposed intervenors—Mr. Clear's former clients—contest the federal forfeiture action

1

based on a pending state-court lawsuit against Mr. Clear.  Doc. 11 at 2.  If proposed intervenors prevail on their state claims, they allege that they may acquire an ownership interest in the defendant property.  Doc. 11 at 2.  They seek to contest the forfeiture action to preserve this alleged future interest.  Doc. 11 at 2.  For the reasons below, their claim is unripe.

Article III ripeness doctrine is well established.  Federal courts lack jurisdiction to hear cases that "rest[] upon contingent future events that may not occur as anticipated," *Texas v. United States,* 523 U.S. 296, 300 (1998), and cannot redress "injury that results from the independent action of some third party," *Simon v. E. Kentucky Welfare Rts.*, 426 U.S. 26, 41–42 (1976).  In the forfeiture context, an individual's intervention claim is ripe if they can "assert[] an ownership interest," such as "actual possession, control, title [or a] financial stake," in the disputed property.  *United States v. $148,840.00*, 521 F.3d 1268, 1275–2176 (10th Cir. 2008).

The Court dismisses the proposed intervenors' motion without prejudice as unripe.  At this stage, their ownership interest in the defendant property is speculative.  "Where [an] action is based on a contingency," it is unripe under Article III.  *Warden v. City of Grove*, 604 F. App'x 755, 757 (10th Cir. 2015).  Proposed intervenors assert that a favorable judgment in the state case may confer an ownership interest in the defendant property.  However, until such a judgment is obtained, their claim is hypothetical, and intervention is premature.

The Court therefore **DENIES** proposed intervenors' motion to intervene without prejudice.  *See Sierra Club v. U.S. Dep't of Energy*, 287 F.3d 1256, 1261 (10th Cir. 2002) (dismissal on ripeness grounds is without prejudice).

/s/_____
KENNETH J. GONZALES[1]
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the court's PACER public access system.